UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott N. Rogers

   v.                                              Civil No. 17-cv-356-JD

State of New Hampshire


**REPORT AND RECOMMENDATION**

Before the court is Scott N. Rogers's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254, and an addendum to that petition (Doc. No. 6). The matter is here for preliminary review to determine whether the claims raised are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing § 2254 Rule 4)). The court construes

Rogers's pleadings liberally, with due consideration for his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

Rogers was convicted of burglary, theft by unauthorized taking, and receiving stolen property, for his involvement in the theft of new televisions from a hotel under construction. The New Hampshire Supreme Court affirmed the convictions. See State v. Rogers, No. 2010-0515, 2013 WL 11998270, at *2 (N.H. June 11, 2013).

Beginning in 2013 and concluding with post-judgment motions filed in 2016, Rogers fully litigated a § 2254 petition previously in the District of New Hampshire challenging the same state convictions and sentences at issue in the instant petition.[1] Respondent moved for summary judgment on that prior § 2254 petition, and the district judge granted that motion and denied a certificate of appealability. See Rogers v. Gerry, No. 13-cv-322-LM (D.N.H.) ("Rogers I"), 2014 U.S. Dist. LEXIS

---

[1] Rogers also filed a § 2254 petition prematurely in 2012, which was dismissed without prejudice, in that Rogers's direct appeal of his conviction remained pending in the NHSC when he filed that § 2254 petition. See Rogers v. New Hampshire, No. 12-cv-324-PB (Oct. 1, 2012) (ECF No. 6), R&R approved, No. 12-cv-324-PB (D.N.H. Jan. 4, 2013) (ECF No. 9).

167941, at *1, 2014 WL 6883086, at *1 (D.N.H. Dec. 4, 2014), approving R&R, 2014 U.S. Dist. LEXIS 167939, at *10, 2014 WL 6883086, at *4 (D.N.H. Nov. 4, 2014).

Rogers filed another federal habeas petition in 2016. See Rogers v. N.H. State Prison Warden, No. 16-cv-388-LM (D.N.H.) ("Rogers II"). The court dismissed that case upon finding it to be a successive petition, pursuant to 28 U.S.C. § 2244(b). See Rogers II, 2017 U.S. Dist. LEXIS 16362, at *1 (D.N.H. Feb. 3, 2017), approving R&R, 2016 U.S. Dist. LEXIS 183737, 2016 WL 8732635 (D.N.H. Dec. 16, 2016) (D.N.H. Dec. 16, 2016).

## Claims

Liberally construed, the instant § 2254 petition (Doc. No. 1) asserts the following double jeopardy claim as grounds for relief under 28 U.S.C. § 2254:

> Rogers was charged with, convicted of, and subjected to consecutive sentences for the theft and receipt of stolen property, with respect to the same televisions, subjecting him to multiple punishment for the same offense.

## Discussion

I. **Successive Petition**

The instant petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As explained in the Report and Recommendation in Rogers II:

> AEDPA restricts this court's jurisdiction to consider the

> merits of claims asserted in successive petitions for
> federal habeas relief. This petition is successive to the
> prior petition upon which summary judgment was granted in
> 2014. If a prisoner wishes to file a "second or
> successive" habeas petition, such as the instant petition,
> he must follow certain procedures before this court can
> consider his claims, pursuant to 28 U.S.C. § 2244(b).
> AEDPA requires approval of the federal court of appeals
> before a second or successive habeas corpus petition, as
> defined by that statute, may be filed in a federal district
> court, even if the petition raises new factual or legal
> grounds for relief. 28 U.S.C. § 2244(b)(2); see also
> Burton v. Stewart, 549 U.S. 147, 152-53 (2007). AEDPA
> strips the district court of jurisdiction over such a
> petition unless and until the federal court of appeals has
> [allowed it to go] forward. See Magwood v. Patterson, 561
> U.S. 320, 330-31 (2010) ("If an application is 'second or
> successive,' the petitioner must obtain leave from the
> court of appeals before filing it with the district court."
> (citing 28 U.S.C. § 2244(b)(3)(A)). A habeas petition
> filed in the district court without the requisite
> authorization from the appellate court is subject to
> dismissal. See Magwood, 561 U.S. at 331.

Rogers II, 2016 U.S. Dist. LEXIS 183737, at *10-*11, 2016 WL 8732635, at *4 (D.N.H. Dec. 16, 2016).

Rogers has not obtained the required authorization from the First Circuit to file this successive petition. Therefore, this court lacks jurisdiction to consider it. Accordingly, the district judge should dismiss this petition, for lack of jurisdiction, as a successive § 2254 petition filed before Rogers obtained First Circuit authorization, pursuant to 28 U.S.C. § 2244(b)(3)(A).[2]

---

[2]Rogers is free to apply in the First Circuit for permission to file a similar, successive § 2254 petition in this court, pursuant to 28 U.S.C. § 2244(b)(3)(A) and First Circuit Local Rule 22.1. This court notes, however, that Rogers has not yet

## II. Relief Not Cognizable in a Federal Habeas Action

Rogers seeks relief in the instant § 2254 petition that is generally not available in § 2254 actions, including a claim for damages to compensate Rogers for time spent in state prison. This court expresses no opinion regarding whether such claims could proceed in a separate action filed under 42 U.S.C. § 1983.

## III. Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party." § 2254 Rule 11(a). Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that the instant petition is an unauthorized "successive" petition that is subject to dismissal. Accordingly, the district judge should decline to issue a

---

demonstrated that he has exhausted his state remedies on his claims under 28 U.S.C. § 2254(b)(1), as Rogers has not filed a New Hampshire Supreme Court order on his double jeopardy claim. Cf. Addendum to Pet. (Doc. No. 6) (Superior Court filings).

5

certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition for lack of subject matter jurisdiction, and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

                                      _____
                                      Andrea K. Johnstone
                                      United States Magistrate Judge

September 15, 2017

cc: Scott N. Rogers, pro se